

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6684 | **DATE** | **SEP 30 2011** |
| **CASE TITLE** | Maurice Houston (#2011-0001932) vs. Unknown Public Defenders, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#4] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $11.23 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Will County Adult Detention Facility. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**                                                          **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate at the Will County Jail, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. The plaintiff claims that he was subjected to an unconstitutional search and seizure on March 15, 2011; he sues "unnamed public defenders," "unknown prosecutors," a circuit judge, and an individual whose role in the events giving rise to this lawsuit is unclear.

The plaintiff is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $11.23. The trust fund officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is authorized and ordered to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, **(CONTINUED)**

| | mjm |
|---|---|

STATEMENT  (continued)

219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of the plaintiff's transfer to another correctional facility.

However, the plaintiff must submit an amended complaint. First, the plaintiff has failed to use the court's required form. *See* Local Rule 81.1 (N.D. Ill.). More importantly, although the plaintiff checked boxes indicating that he is suing for an illegal search of his property and an allegedly wrongful arrest, his statement of facts section concerns issues he is having with his public defender.

The plaintiff is advised that the federal courts are largely prohibited from interfering in ongoing state criminal prosecutions. "As a general rule, *Younger* abstention 'requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.' " *Village of DePue, Ill. v. Exxon Mobil Corp.*, 537 F.3d 775, 783 (7th Cir. 2008), *quoting FreeEats.com v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2008); *see also Younger v. Harris*, 401 U.S. 37 (1971). The rule in *Younger* "is designed to permit state courts to try state cases free from interference by the federal courts." *Id.* Therefore, if the plaintiff wishes to have another attorney appointed to represent him, or seeks any other relief in connection with his state criminal case, he should file an appropriate motion in the circuit court. This court cannot direct the plaintiff's public defender how to handle a case assigned to him.

Furthermore, most or all of the defendants cannot be sued under 42 U.S.C. § 1983. Both judges and prosecutors have absolute immunity. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 429-31 (1976); *see also, Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Likewise, the Supreme Court has repeatedly held that a judge may not be held to answer in civil damages for acts committed in the exercise of his judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 12 (1991); *Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967); *see also Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) ("Of course her claims against the judges are barred; . . . they have absolute immunity from such damages claims") (citations omitted).

Defendant Michael Knight is not identified by a title or position, and he is not mentioned in the body of the complaint. In order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Defense attorneys, whether state public defenders or privately retained counsel, are not "state actors" and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983); *Ash v. Devine*, No. 10 C 4366, 2010 WL 3002087, *3 (N.D. Ill. Jul. 28, 2010) (Manning, J.). Thus, if Knight is the plaintiff's defense attorney, he cannot be sued under Section 1983 on the basis of the facts alleged. In fact, none of the plaintiff's allegations are cognizable under the Civil Rights Act.

**(CONTINUED)**

## STATEMENT (continued)

The court makes no finding as to whether the plaintiff may be entitled to relief in his state court case (or under federal habeas law, assuming he is ultimately convicted of the criminal charges).

Because the plaintiff alleges that he was falsely arrested and illegally searched, he will be granted the opportunity to submit an amended complaint providing the details of the search and arrest. The amended complaint should name as defendants the police officers involved in the challenged arrest. The amended complaint must drop any claims against the judge, public defenders, and prosecutors relating to the criminal prosecution.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the court's required form. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed. However, the plaintiff will still be responsible for paying the filing fee.